UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------X
RODOLFO ENAMORADO

                    Plaintiff,

      -against-

GOOD DAY APARTMENTS LLC,

                    Defendants.
-----------------------------------------------X

**COMPLAINT**

Case No.: _____

PLAINTIFF DEMANDS
A TRIAL BY JURY

      Plaintiff, Rodolfo Enamorado, by his attorney, The Rose Law Group, PLLC, upon information and belief, complains as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") and the New York State Labor Law, Articles 6 & 19 ("NYLL") for failure to pay the minimum wage and an overtime premium for hours Plaintiff was required to report to work, ready to perform work and actually perform work duties. Plaintiff seeks to recover unpaid back wages, the overtime premium, and an additional amount as liquidated damages, reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon the Court by § 16(b) of the FLSA (29 U.S.C. §216(b)). Jurisdiction of this Court is also proper under 42 U.S.C. §12101 et. seq.; 29 U.S.C. §2617.

3. Supplemental Jurisdiction is proper over the State law claims pursuant to 28 U.S. Code § 1367.

4. Venue is proper in this district based upon Defendants' residency within New York County, State of New York, within the Southern District of New York. 28 U.S.C.

§1391(b).

## PARTIES

5. That at all times relevant hereto, Plaintiff Rodolfo Enamorado ("Enamorado") is a resident of the State of New York and Bronx County.

6. That at all times relevant hereto, Defendant Good Day Apartments LLC ("Good Day") was and is a Domestic Business Corporation duly authorized and existing by virtue of the laws of the State of New York.

7. That at all times relevant hereto, Defendant Good Day does business in the State of New York.

8. That at all times relevant hereto, Defendant Good Day is located at 2160 Newbold Ave, Bronx, NY 10462.

9. Plaintiff Enamorado is and was, during all relevant times, an employee for Defendant Good Day Apartments LLC.

## MATERIAL FACTS

10. Plaintiff Enamorado is a veteran.

11. Plaintiff Enamorado was hired by Defendant Good Day in November of 2012 as a superintendent of a thirty-three (33) unit apartment building on 2160 Newbold Avenue Bronx, NY 10462.

12. His initial duties included putting out the garbage twice a week, cleaning the halls once a week, sweeping twice a day, posting and delivering notices to tenants, and checking the sidewalks for litter. During the winter months he also shoveled snow in a timely fashion.

13. In addition, Plaintiff Enamorado was also in charge of small building repairs like changing light fixtures, switches, outlets, leaking faucets, running toilets, and door knobs.

14. Plaintiff Enamorado was compensated with an apartment, a storage room and a fixed rate

monthly pay of $115. Defendant Good Day also promised to pay for his utilities, including gas, electric, cable and internet. He was told that if he wished to make any extra money he could paint or remodel apartments when needed.

15. Plaintiff Enamorado was asked to begin his job duties at 7:00 a.m. and would finish anytime between 8:00 p.m. to 12:00 p.m. depending on what needed to be done in the building.

16. Plaintiff Enamorado regularly worked between twelve (12) to seventeen (17) hours per day, totaling approximately seventy (70) to one-hundred and twenty (120) hours per week.

17. In or around July of 2015, Plaintiff Enamorado felt he was underpaid and was working too many hours. He requested a fair and reasonable raise as he was only receiving only one-hundred and fifteen dollars ($115.00) per month.

18. On July 28, 2015, Defendant Good Day sent a letter to Plaintiff Enamorado informing him that they would increase his pay from one hundred and fifteen dollars ($115.00) per month to two hundred dollars ($200.00) per week. In exchange, Plaintiff Enamorado would now have to pay for utilities in his apartment.

19. Plaintiff Enamorado would also be allowed a yearly two week paid vacation.

20. Despite his hard work, Plaintiff Enamorado was never properly compensated as his hourly rate never exceeded the minimum wage and he was never paid any amount as an overtime premium.

21. Plaintiff Enamorado was paid a fixed rate, no matter how many hours he was required to work.

22. Throughout his employment with Defendant Good Day, Plaintiff Enamorado never received overtime premium for all hours worked over forty (40) in a week.

23. On September 30, 2015, Plaintiff Enamorado sent a letter to management re-informing them of their agreement which he felt was being breached. Specifically, he felt that his pay was

improper. Upon information and belief this complaint was protected by the New York Labor Law and Fair Labor Standards Act.

24. Melanie Hofer and Richard Hofer, owners of Good Day Apartments, LLC, began harassing Plaintiff Enamorado, ordering him to pay for the electric, gas, cable, and internet bills in an effort to have him quit.

25. Upon information and belief, these bills included utilities for common areas.

26. Plaintiff Enamorado tried on multiple occasions to explain that with his salary of only two-hundred dollars ($200.00) per week, he was completely incapable of paying for the electric and gas bills. Ms. Hofer would dismiss Plaintiff Enamorado in a rude manner whenever he informed her of this.

27. In addition to the harassment, Ms. Hofer threatened his job on multiple occasions and did not allow him to attend church services on Saturdays and/or Sundays. Whenever Plaintiff Enamorado stepped out, Ms. Hofer would often call and ask him to return to the building due to no hot water or heat in the building. When Plaintiff Enamorado could not fulfill a certain task he was told that he "better do it" or they would replace him with a new superintendent.

28. On May 15, 2017, Ms. Hofer sent a text message to Plaintiff Enamorado asking that he clean the boiler room with bleach and soap after a pipe exploded. The burst of the pipe left a massive flood in the boiler room that included urine, feces and condoms. Plaintiff Enamorado explained that this was not a task he could handle and that a plumber needed to come in to fix the pipe. He had previously informed them that tenants were complaining of no hot water and that there had been issues with these pipes.

29. Later that day Ms. Hofer sent him a letter of termination that was to be effective immediately. She also requested that he and his family vacate the apartment by June 15,

2017. She expressed that a task like cleaning the boiler room was a requirement of his job and that he was too selective with what jobs he performed. Plaintiff Enamorado's original contract stated he could perform extra jobs if he wished for extra money, which he explained several times to Ms. Hofer.

30. Upon information and belief, having Plaintiff Enamorado perform this work would have been a danger to the public health and wellbeing since he had no training or proper equipment to handle it. Plaintiff Enamorado's refusal to perform this work was a protected activity under the law.

31. This task along with any other similar task given to him were not a requirement of his job. The only requirements were listed on their initial contract and all consisted of light duty work. In their initial contract it was stated that only if Plaintiff Enamorado wished to make extra money would he remodel or paint apartments.

32. Plaintiff Enamorado's termination was unlawful as it was in retaliation for his complaints of improper pay and due to his refusal to perform and action that would have resulted in a danger to the public health. In retaliation, Defendant Good Day left the boiler room without cleaning it for two weeks.

33. Plaintiff Enamorado is owed overtime premium and lost pay to which he is entitled under the FLSA and NYLL and has been damaged in an amount yet to be determined.

34. Defendant's violations of the FLSA and NYLL were done with knowledge of the law and with full understanding that this policy violated the law.

### AS A FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

35. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

36. Defendant willfully employed Plaintiff in the afore-mentioned enterprise and failed to

5

compensate Plaintiff for all hours worked during his employment.

37. Upon information and belief, Defendants do more than $500,000.00 in business each year and handle goods which have moved in interstate commerce.

38. Defendant failed to pay the legally mandated minimum wage and overtime premium for all hours worked by Plaintiff and for hours worked over forty (40).

39. Defendant's failure to comply with the FLSA caused Plaintiff to suffer loss of wages.

## AS A SECOND CAUSE OF ACTION
## VIOLATION OF NEW YORK LABOR LAW (minimum wage and overtime)

40. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

41. Plaintiff was an employee of Defendants within the meaning of New York Wage Regulations (NYCRR Labor Section 138 et seq.).

42. Defendant failed to pay Plaintiff the minimum wage and overtime premium for certain hours when Plaintiff was required to be at work, ready to work, and actually performing the work.

43. Defendant's failure to comply with the New York Labor Law overtime protections caused Plaintiff to suffer loss of wages and interest thereon.

44. Defendant's violation was willful.

45. Defendant failed to pay overtime pay as is required by the New York Labor Law.

46. On account of such violations, Defendant is liable to Plaintiff for actual, statutory and liquidated damages.

## AS A THIRD CAUSE OF ACTION FOR
## VIOLATION OF NEW YORK LABOR LAW (wage notice and statement)

47. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

48. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 190 et seq., including §§ 191, 193, 195, 198 and the applicable regulations thereunder.

49. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b).

50. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d)

**AS AND FOR A FOURTH CAUSE OF ACTION**
**<u>NEW YORK LABOR LAW §740</u>**

51. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

52. Pursuant to New York State's Labor Law § 740 entitled, "Retaliatory personnel action by employers; prohibition" states in pertinent part as follows:

> 2. Prohibitions. An employer shall not take any retaliatory personnel action against an employee because such employee does any of the following:
>
> (a) discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety, or which constitutes health care fraud;
>
> (b) provides information to, or testifies before, any public body conducting an investigation, hearing or inquiry into any such violation

>of a law, rule or regulation by such employer; or
>
>(c) objects to, or refuses to participate in any such activity, policy or practice in violation of a law, rule or regulation.
>
>4. Violation; remedy.
>
>(a) An employee who has been the subject of a retaliatory personnel action in violation of this section may institute a civil action in a court of competent jurisdiction for relief as set forth in subdivision five of this section within one year after the alleged retaliatory personnel action was taken.

53. Defendant acted in an unlawful and retaliatory manner following Plaintiff's objection to and refusal to act in accordance with Defendant's violations of law which presented a substantial and specific danger to the public health or safety and/or Plaintiff's refusal to participate in any such activity, policy or practice in violation of a law, rule or regulation.

### AS AND FOR A FIFTH CAUSE OF ACTION
### VIOLATION OF NEW YORK LABOR LAW (retaliation)

54. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

55. Plaintiff complained to Defendants about the manner in which he was being treated and the various violations of the wage and hour law, including improper pay.

56. Defendants then retaliated against Plaintiff by terminating his employment.

57. This action violates the New York Labor Law § 215.

58. As a result of this violation, Plaintiff has suffered and continues to suffer loss of wages, benefits and emotional damages for which Defendants are liable.

59. Plaintiff is further entitled to reinstatement, liquidated damages, injunctive relief and attorneys' fees and costs.

### JURY DEMAND

60. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A. Awarding all wages not paid as required under the FLSA and NYLL, plus any damages under the FLSA and the NYLL and interest;

B. Declaring that Defendants' policies and procedures violate the FLSA and the NYLL;

C. Awarding damages to the Plaintiff to otherwise make them whole for any losses suffered as a result of such unlawful employment practices and reinstating him to his prior position;

D. Awarding Plaintiff punitive damages and liquidated damages;

E. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: Astoria, New York
August 3, 2017

**THE ROSE LAW GROUP, PLLC**

_____
Jesse C. Rose (JR-2409)
3109 Newtown Avenue
Suite 309
Astoria, New York 11102
PH: (718) 989-1864
Fax: (917) 831-4595